UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
          )
v.                       )        NO. 2:04-CR-27
          )
JAMES V. BALL          )

## MEMORANDUM OPINION

Defendant has filed a motion pursuant to *Fed. R. Crim. P.* 41(g) for the return of property seized from him by the Tennessee Bureau of Investigation ("TBI") on March 26, 2003. [Doc. 31]. The government has responded [Doc. 32]. TBI agents searched defendant's home pursuant to a criminal investigation and seized 82 pounds of marijuana and $171,960 in United States currency. Ball was subsequently indicted on March 23, 2004 in a three count indictment in this Court.

On April 10, 2003, before he had been indicted in this Court, the defendant was notified by the Tennessee Department of Safety ("TDOS") that a forfeiture warrant had been issued against the property seized pursuant to *Tenn. Code Ann.* § 40-33-201 *et seq.* As provided by the Tennessee statute, Ball was notified that the property would be forfeited and subject to public sale after thirty (30) days unless a claim for the seized property was filed with the Commissioner of Safety. Ball filed no claim for his interest, if any, in the property.

After his indictment in this Court, the defendant filed a motion to suppress

the evidence seized in the March 26, 2003 search of his house.  [Doc. 13].  On April 30, 2004, the United States Magistrate Judge issued a Report and Recommendation that the defendant's motion to suppress be granted in part and denied in part.  The Magistrate Judge recommended suppression with respect to the marijuana and a firearm but not with respect to the United States currency. [Doc. 20].  On June 2, 2004, the United States moved to dismiss the indictment [Doc. 27] and an order was entered dismissing the indictment on June 4, 2004.  [Doc. 29].

Defendant now seeks an evidentiary hearing and requests an order requiring the return of the property to him.  Ball submits, without citation to authority to support his position, that TDOS could not lawfully issue a forfeiture warrant against Ball's property, which was evidence in a criminal case before this Court.  He further argues that the currency was not contraband and should have been returned to him upon dismissal of the criminal charges against him.  He also argues that the April 10, 2003 notice from TDOS was ambiguous and that he received no further notice from TDOS concerning the fate of his funds.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . ."  A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 2001 F. 3d 763, 768 (6th Cir. 2000).

2

The record in this case establishes that 82 pounds of marijuana and $171,860.00 was seized from Ball by agents of the TBI on March 27, 2003. At the time of the seizure, Ball received a "notice of property seizure" from an agent which described the property and advised defendant that the property was seized pursuant to *Tenn. Code Ann.* § 53-11-401 as "narcotics related." By notice dated April 10, 2003, Ball was notified by the general counsel, TDOS, that a forfeiture warrant had issued for the property. (See Defendant's Exhibit 1 attached to his motion). The notice advised the defendant, in clear and unambiguous language, that the property would be forfeited unless he filed with the Commission of Safety a claim in writing stating his interest to the seized goods and requesting a hearing. The notice from the TDOS general counsel clearly advised the defendant that "[f]ailure to properly request such a hearing in a timely manner acts as a waiver of any interest you might have in the seized property." The defendant, apparently upon the advice of counsel, did not file a claim with TDOS and, as a result, his interest in the seized property was forfeited pursuant to the Tennessee statute.

Since defendant's property was seized subject to an administrative forfeiture proceeding by the State of Tennessee, their Court does not retain equitable jurisdiction over defendant's claims because those items have been the subject of an administrative proceeding and he would have had an adequate remedy in the administrative proceeding. *See Linarez v. United States Department of Justice*, 2 F. 3d 208, 213 (7th Cir. 1993); *see also United States v. Griffin*, 1993 WL 150746, at * 1 (6th Cir. May 10, 1993)

(unpublished). Ordinarily, once a civil forfeiture action has begun, the District Court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant has an adequate administrative remedy. *Shaw v. United States*, 891 F. 2d 602, 603 (6th Cir. 1989). A property owner may, however, pursue "collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F. 3d 509, 511 (1st Cir. 1995); *United States v. Campbell*, 3 Fed. Appx. 381, 383 (6th Cir. 2001). The defendant does not argue his due process rights were violated in the administrative proceeding [1], the one claim over which this Court has jurisdiction.

Even if the Court had jurisdiction over defendant's other claims pursuant to Rule 41(g), however, the Court would deny them nevertheless. Defendant's motion fails on the merits because defendant cannot show that the federal government ever actually or constructively possessed the property at issue. Where the federal government never had possession of the property in question, denial of a Rule 41(g) motion is proper. *See United States v. Obi*, 100 Fed. Appx. 498, 499 (6th Cir. 2004). There is no evidence of record to show that the property in question was ever in the possession of the federal government. The notice of forfeiture clearly indicated that any claim for the return of the

---

[1]     While the defendant does not state a claim that his due process rights were violated in the administrative proceeding, he does argue that the TDOS letter of April 10, 2003, was ambiguous and that he never received further notice of a hearing. This Court's review of the April 10, 2003, letter establishes that it is clearly unambiguous and clearly advises the defendant that he must file a request for a hearing or otherwise waive any claim he might have to the seized property. He voluntarily chose not to pursue his remedies through the administrative forfeiture proceeding.

property needed to be made with TDOS.  Ball has, therefore, failed to carry his burden of showing real or constructive possession of the property by the federal government,  *see Clymore v. United States*, 164 F. 3d 569, 571 (10th Cir. 1999),  and nothing in the record indicates that the state officials were acting under the direction of the federal government. *Id.*

For all the foregoing reasons, therefore, the Court will deny defendant's motion for return of property. [Doc. 31].

Ball requests an evidentiary hearing to resolve factual issues; however, he points to no factual disputes in this record.  Even if factual disputes were identified, as set forth above, this Court has no jurisdiction over his claim for return of the seized property. His request for an evidentiary hearing will, therefore, be **DENIED**.  [Doc. 33].

An order shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE